### RATHBONE v. AYER

(Supreme Court, Appellate Division, Third Department. May 12, 1903.)

1 CORPORATIONS — INSOLVENCY — TORT AGAINST CORPORATIONS — ACTION BY TRUSTEE IN BANKRUPTCY.

    Where the directors of a corporation wrongfully took from it the money which had been paid in on its stock, and divided it among themselves, the trustee of such corporation in bankruptcy can maintain an action against them in favor of the corporation.

Appeal from Trial Term, Chemung County.

Action by James B. Rathbone, as trustee in bankruptcy of the Elmira Steel Company, against F. Wayland Ayer and others. From

a judgment overruling a demurrer to the complaint, defendant Ayer appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Rockwell & McCann, for appellant.

Reynolds, Stanchfield & Collin (Halsey Sayles, of counsel), for respondent.

KELLOGG, J. The complaint alleges the incorporation in this state of the Elmira Steel Company on July 10, 1899; that on December 18, 1900, a petition by creditors in involuntary bankruptcy was filed; that such proceedings were had that the Elmira Steel Company was declared a bankrupt about April 17, 1901; and that plaintiff was appointed by the United States District Court a trustee in bankruptcy, and qualified as such May 14, 1901. This action was commenced August 1, 1901. The complaint alleges a cause of action in favor of the corporation, based upon the misconduct of the directors. It alleges that the capital stock, as shown by the certificate of incorporation, was $500,000, paid up in cash; that thereafter the directors wrongfully took from the corporation the $500,000, and divided it among themselves; that defendant F. Wayland Ayer was then a director, and took an active part in the scheme by which the corporation was defrauded, and participated in the distribution; that the other directors are nonresidents of the state, and without the jurisdiction of this court; that no part of the $500,000 was earnings or profits of the corporate business. It appears to me that these facts are sufficient to constitute a cause of action in favor of the corporation at common law. This was a wrong, independent of any statute declaring it to be so. The corporation was wronged by being unlawfully deprived of its assets. The action is not for the recovery of a penalty, but to recover assets of the corporation wrongfully taken and wrongfully detained by defendants. The statute also authorizes an action for such recovery in the name of the corporation. It is true that the statute also authorized an action in favor of creditors, but it does not mean that the creditors and corporation must join. The creditors may bring an action if the corporation does not. If an equity action is brought, it might in some cases, perhaps, be maintained in the name of all persons interested, and a final dissolution of the corporation be declared, and a final disposition of its assets made. But in the case before us the assets—all of them—are in the custody of the United States court. All the creditors are there, and both creditors and assets are represented by the plaintiff. It is within the power of the United States court, and it is its policy, to enjoin interference in all cases with the property of a declared bankrupt through any action in the state court by any creditor.

We think the Special Term properly overruled the demurrer, and that the interlocutory judgment should be affirmed, with costs, with usual leave to answer over on payment of costs in this court and in the court below. All concur.